UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$7,604.00 IN U.S. CURRENCY, and $42,050.44 IN U.S. CURRENCY, more or less, and all proceeds therefrom,<br><br>    Defendants. | CASE NO. C06-1712RSM<br><br>ORDER DENYING CLAIMANT'S MOTION FOR CLAIM PROPERTY |

This matter comes before the Court on claimant Eulalio Lemus Montelongo's ("claimant") Motion for Claim Property. (Dkt. #11). On November 27, 2006, the United States brought a complaint in this Court for the seizure and forfeiture of $7,604.00 in U.S. currency and $42,050.44 in U.S. currency ("the defendant currency"). (Dkt. #1 at 1). The United States alleges that the defendant currency is subject to seizure and forfeiture because it was furnished or intended to be furnished in exchange for a controlled substance. *Id.* at 5. Furthermore, the complaint is based on a separate criminal proceeding in which claimant entered a plea of guilty to the offense of Conspiracy to Distribute Controlled Substances, in violation of Title 21, United State Code, Sections 841(1)(1), 841(b)(1)(B), and 846. (Dkt. #12, Exhibit 3). Claimant now requests "a property seizure release under Rule C(6)([a]) of supplemental rules for certain admiralty and maritime claims." (Dkt. #11 at 1). He further argues that the defendant currency should be released on the grounds that the "money was

ORDER
PAGE - 1

1 | never used to purchase drugs or anything related to drugs." *Id.*

2,3 | Having reviewed claimant's motion, plaintiff's response, and the remainder of the record, the Court hereby finds and orders:

4,5,6,7,8 | (1) Claimant's Motion for Claim Property (Dkt. #11) is DENIED. Rule C(6)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions governs maritime arrests. *See id.* The instant action clearly has no relation to admiralty or maritime law, much less involves a maritime arrest. Accordingly, claimant's motion fails to state a basis for the relief requested.

9,10 | To the extent that claimant is seeking a motion to return property under Fed. R. Crim. P. 41(g), claimant's motion also fails. Fed. R. Crim. P. 41(g) provides in pertinent part:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court *must receive evidence on any factual issue necessary to decide the motion*.

In the instant case, the claimant has offered no objective evidence to justify to the Court why the money should be returned to him. Claimant only offers a self-serving statement in which he indicates that "he feels he is entitled to this money" and that he is "a hard working man [and that] he never used this money to purchase any drugs." (Dkt. #11 at 1). In addition, claimant has already forfeited his interest in the $7,604.00 in U.S. currency pursuant to the plea agreement he entered into with the United States. (Dkt. #12, Exhibit 3 at 8). Under these circumstances, a return of the defendant currency to claimant is not justified.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record and to claimant Eulalio Lemus Montelongo at the following address: <u>B.O.P. # 36571-086, Interstate-Unit, 1801 West I-20, Big Spring, Texas, 79720</u>.

DATED this 3rd day of January, 2008.

[signature]

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 2